IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA SPEED TECHNOLOGY LLC,<br><br>             Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORPORATION,<br>THOMSON REUTERS US LLC,<br>THOMSON REUTERS USA INC.,<br><br>             Defendants. | C.A. No. 13-1450-SLR<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF DATA SPEED TECHNOLOGY LLC'S OPPOSITION TO DEFENDANTS THOMSON REUTERS CORPORATION, THOMSON REUTERS US LLC AND THOMSON REUTERS USA INC.'S MOTION TO DISMISS**

Defendants Thomson Reuters Corporation, Thomson Reuters U.S.A. Inc., and Thomson Reuters U.S. LLC (collectively, "Thomson Reuters") joined various motions that have already been filed in the related cases.[1] To streamline the briefing and allow efficient judicial review, Data Speed Technology LLC incorporates by reference the briefs in opposition to the motions to dismiss filed in *Data Speed Technology LLC v. EMC Corporation*, C.A. No. 13-616-SLR (D.I. 11) and *Data Speed Technology LLC v. Xerox Corporation*, C.A. No. 13-624-SLR (D.I. 12).

Thomson Reuters, further asks this Court to take notice of *MayFair Wireless LLC v. Celico P'ship*, 2013 U.S. Dist. LEXIS 124206 (D. Del. Aug. 30, 2013) where the Court recommended dismissal where the purported agreements effecting assignment of the asserted

---

[1] *Data Speed Technology LLC v. Cisco Systems, Inc.*, C.A. No. 13-615-SLR, [D.I. 7], *Data Speed Technology LLC v. EMC Corporation*, C.A. No. 13-616-SLR, [D.I. 8], *Data Speed Technology LLC v. Hewlett-Packard Company*, C.A. No. 13-617-SLR [D.I. 7], *Data Speed Technology LLC v. Microsoft Corporation*, C.A. No. 13-620-SLR, [D.I. 9], *Data Speed Technology LLC v. Oracle Corporation*, C.A. No. 13-622-SLR, [D.I. 8], filed on June 5, 2013; and in *Data Speed Technology LLC v. Xerox Corporation*, C.A. No. 13-624-SLR, [D.I. 10 and 11], filed on June 6, 2013.

1

patent did not specifically refer to the transfer of any rights in the asserted patent. However, *MayFair Wireless* is distinguishable from the facts here. Here, the assignments were signed by the inventors, identify the patent application by number, and were recorded with the United States and Trademark Office ("USPTO").

Assignment records, recently obtained from the USPTO show that three of the four inventors of the U.S. Patent No. 5,867,686 (the "'686 patent") assigned their interest in the patent to Data Speed Technology Corporation.[2] These assignments identify the assigned invention as the parent application of what would become the '686 patent. The Manual of Patent Examining Procedure ("MPEP"), § 306, states that a patent assignment filed against the parent application is considered effective against any such continuation or divisional application. Subsequently, Data Speed Technology Corporation's interests in the '686 patent were assigned to Data Speed Tech through a series of agreements. The remaining inventor of the '686 patent executed an assignment agreement transferring his interest in the patents to Data Speed Tech. The assignment history of the '686 patent (reflecting the recently obtained assignment records) is described below.[3]

Kenneth Conner, James G. Hunter, Gregory P. Spar, and Bruce Anderson are the co-inventors of the '686 patent. On November 9, 1993, patent application 08/151,063 (the "'063 application") was filed with the USPTO. (Declaration of Dorian Berger ("Berger Decl.") Ex. 1.)

---

[2] Data Speed Technology Corporation is a separate entity from Data Speed Technology LLC.
[3] The recently obtained assignment records slightly modify the chain of title described in Data Speed Tech's prior briefing. The recently obtained assignment records were filed with the parent application of the '686 patent and were stored in the USPTO's archives. Although the outcome of the chain of title is the same as in the prior briefing, the prior briefing relied on non-disclosure agreements signed by Spar, Hunter and Anderson. The recently obtained assignment records are controlling of the assignment history as they were filed with the USPTO, signed by the inventors and specifically identify the patent application that is the subject of the assignment.

On December 30, 1993, Hunter, Spar and Anderson executed assignment agreements that "all of our right title and interest in and to all subject matter invented by us and disclosed in the application for Letters Patent of the United States, Serial No. 08/151,063." (Berger Decl. Ex. 2.) The assignment agreements were signed by the inventors and notarized by a notary public. *Id*. These assignments were filed with the USPTO on reel 7007, frames 0910-0915, on April 29, 1994. (*Id.*)

On November 8, 1995, patent application 08/555,259 (the "'259 application") was filed with the USPTO. (Berger Decl. Ex. 3). The '259 application was a continuation of the '063 application. The '259 application would issue as the '686 patent.[4] (Berger Decl. Ex. 4.)

The assignments executed by Spar, Hunter and Anderson apply to the '686 patent. The MPEP § 306 states "a prior assignment recorded against *an original application* is applied to the division or continuation application because the assignment recorded against *the original application* gives the assignee rights to the subject matter common to both applications." MPEP§ 306 (7th ed. July 1998). A2023 (emphasis added). This Court has routinely applied the procedural rules set out in the MPEP. *See ArcelorMittal Fr. v. AK Steel Corp.,* 2013 U.S. Dist. LEXIS 153416, at *8 (D. Del. Oct. 25, 2013) (applying the MPEP procedures to claim construction); *Mayfair Wireless LLC v. Celico P'ship*, 2013 U.S. Dist. LEXIS 124206, at *11-12 (D. Del. Aug. 30, 2013) (applying the MPEP procedures to assignments); *Invista N. Am. S.a.r.l. v. M&G USA Corp.*, 2013 U.S. Dist. LEXIS 88646, 60 (D. Del. June 25, 2013) (applying the MPEP procedures to the written description requirement).

On December 31, 1994, Data Speed Corporation's interest in the '686 patent was assigned to Peter King. (Berger Decl. Ex 5.) On March 24, 2011 Peter King died testate,

---

[4] The '063 application is the parent of the '686 patent.

bequeathing to the Peter J. King Revocable Trust his entire right title and interest in the '686 patent. (Berger Decl. Ex. 6.) On February 13, 2013, the Peter J. King Revocable Trust transferred its entire right, title and interest in the '686 patent to Kenneth Conner. (Berger Decl. Ex. 7.) On April 3, 2013, Kenneth Conner transferred his entire, right title and interest in the '686 patent to Empire IP. (Berger Decl. Ex. 8.) Kenneth Conner had held a one quarter interest in the patent having never assigned away his right. Thus all interests in the '686 patent were assigned to Kenneth Conner. That same day, Empire IP transferred its entire right title and interest to Data Speed Tech. (*Id*.)

Accordingly, Data Speed respectfully requests that the Court deny Defendants' motion to dismiss.

| | |
|---|---|
| November 26, 2013 | BAYARD, P.A. |
| OF COUNSEL: | */s/ Stephen B. Brauerman*<br>Richard D. Kirk (rk0922) |
| Alexander C.D. Giza | Stephen B. Brauerman (sb4952) |
| Dorian S. Berger | Vanessa R. Tiradentes (vt5398) |
| RUSS AUGUST & KABAT | Sara E. Bussiere (sb5725) |
| 12424 Wilshire Boulevard, 12th Floor | 222 Delaware Avenue, Suite 900 |
| Los Angeles, CA 90025 | P.O. Box 25130 |
| (310) 826-7474 | Wilmington, DE 19899 |
| agiza@raklaw.com | (302) 655-5000 |
| dberger@raklaw.com | rkirk@bayardlaw.com |
| | sbrauerman@bayardlaw.com |
| | vtiradentes@ bayardlaw.com |
| | sbussiere@bayardlaw.com |
| | *Attorneys for Plaintiff Data Speed Technology LLC* |